IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DANIEL R. HUFFMAN,

                    Plaintiff,

         v.                          CASE NO.  12-3207-SAC

STATE OF KANSAS,

                    Defendant.

O R D E R

   This pro se pleading was filed by an inmate of the Sedgwick County Jail, Wichita, Kansas.  Plaintiff titled his pleading "Motion of Petition under 28 U.S.C. § 636."  However, he states in the body that he "is seeking to open a civil rights complaint" and cites 42 U.S.C. § 1983.  Having considered the pleading, the court finds several deficiencies.  Plaintiff is given the opportunity to cure those deficiencies and warned that if he fails to do so within the time allotted, this action may be dismissed without further notice.

**FILING FEE**

   The filing fee for a civil rights complaint is $350.00.[1] Plaintiff has neither paid the fee nor submitted a motion to proceed without prepayment of fees.  This action may not proceed further

_____

1     The fee for filing a habeas corpus petition is $5.00.

until Mr. Huffman has satisfied the statutory filing fee in one of these two ways.

28 U.S.C. § 1915 requires that a prisoner seeking to bring an action without prepayment of fees submit a motion together with an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). The court is also required to assess an initial partial filing fee, if appropriate, based upon the requisite financial information.

Plaintiff is reminded that, pursuant to 28 U.S.C. § 1915(b)(1), being granted leave to proceed without prepayment of fees will not relieve him of the obligation to pay the full district court filing fee of $350.00 for this civil action. Such leave merely entitles him to pay the filing fee over time through payments automatically deducted from his inmate trust fund account as authorized by § 1915(b)(2). Under the latter provision, the Finance Office of the facility where plaintiff is confined will be directed to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is forewarned that if he fails to satisfy the filing fee prerequisite within the time prescribed

by the court, this action may be dismissed without prejudice and without further notice.   The clerk shall be directed to provide plaintiff with forms for filing a proper motion under 28 U.S.C. § 1915(a).

## COMPLAINT NOT ON FORMS

Local court rule requires that a civil rights complaint be submitted upon court-approved forms.   The clerk shall send plaintiff forms, and he is required to submit his complaint upon those forms. He is directed to carefully read and follow the directions and to answer all questions fully.   If plaintiff fails to submit his complaint upon forms within the time allotted, this action may be dismissed without further notice.

## SCREENING

Because Mr. Huffman is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.   28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).   "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."   *West v.*

3

*Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Nevertheless, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).  To avoid dismissal, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(citation omitted).  Put another way, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Twombly*, 550 U.S. at 558. The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555.  Having screened all materials filed, the court finds the complaint is subject to being dismissed for the following reasons.

### 1.  No Remedy Under 28 U.S.C. § 636

Plaintiff does not explain his citation to 28 U.S.C. § 636. This statute sets forth the power and duties of federal magistrates. It does not confer jurisdiction or provide plaintiff with any sort of remedy.  Accordingly, this authority is rejected as a basis for relief herein.

### 2.  Failure to State Facts to Support a Claim

The very sparse initial pleading filed herein contains few, if any, factual allegations.  Plaintiff makes completely conclusory statements regarding equal protection of the law and the bald allegation that the "practices of the eighteenth judicial district courts have become a nuisance per se."  He also states "that exculpatory evidence was withheld by the State and the Judge in his trial hearing," a "motion in limine was totally disregarded," and "rules were broken that it might be used to ensure a conviction." The court is asked to "aid him in his fight for justice."

Considering plaintiff's complaint under § 1983, the court finds that it utterly fails to allege sufficient facts to state a federal constitutional violation.  The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe*

*County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). Plaintiff does not name any "person" as defendant. Nor does he allege any facts regarding the acts or inactions of a person named as defendant such as dates and circumstances showing how a person violated his equal protection rights or any other constitutional provision. The State of Kansas is protected by absolute immunity and is not a proper defendant in a civil rights action for damages.

### 3. Allegations Regarding "his Trial Hearing"

Thus far, the court has considered plaintiff's pleading as a civil rights complaint because he portrays it as such. However, his allegations regarding trial proceedings suggest that, rather than civil rights claims, he is attempting to challenge his state court criminal trial. In order to challenge a state criminal conviction in federal court, a prisoner must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He may not challenge a criminal conviction by filing a civil rights complaint. Local court rule requires that a § 2254 petition be filed upon court-provided forms. If Mr. Huffman is attempting to challenge state criminal proceedings, he must submit his claims upon § 2254 forms. The clerk will be directed to send § 2254 forms to Mr. Huffman. He must fully answer all questions on the § 2254 forms or indicate if they are not applicable.

Mr. Huffman is warned that generally a state prisoner has only one opportunity to present challenges to his state criminal

conviction in a federal habeas petition.  Thus, it is crucial that he raise all constitutional challenges to his state convictions that he intends to have reviewed in federal court in the first § 2254 petition that he files.  He is also advised that he is required to fully and properly exhaust all available state court remedies on all his claims before he files a habeas petition in federal court.  If Mr. Huffman has fully exhausted and presents his habeas corpus claims in the appropriate manner, this action may go forth as a habeas corpus petition under § 2254.

If Mr. Huffman does not submit his claims upon habeas forms, the court will assume that he wants to continue to proceed in this action on a civil complaint.  In that event, his complaint will be dismissed unless he also cures the deficiencies discussed herein. In sum, because plaintiff's conclusory statements present no grounds for relief under § 1983 and his claims appear to be habeas in nature, he must either convert this action to a habeas petition or allege additional facts sufficient to state a federal constitutional violation.  Otherwise, this action will be dismissed.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is given thirty (30) days in which to satisfy the filing fee by either paying the fee in full or submitting a properly-supported motion to proceed without prepayment of fees.

**IT IS FURTHER ORDERED** that within the same thirty-day period, plaintiff is required to either submit his habeas claims upon the

appropriate court-provided § 2254 forms or cure the deficiencies in his original complaint that have been discussed herein or otherwise show cause why his complaint should not be dismissed for failure to state a claim.

The clerk is directed to send plaintiff IFP, § 1983, and § 2254 forms.

**IT IS SO ORDERED**.

Dated this 23rd day of October, 2012, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge